C. C. FOSTER, et al., and NEW AMSTERDAM CASUALTY COMPANY, v. RALPH LINDSAY and FLORIDA INDUSTRIAL COMMISSION.

26 So. (2nd) 806                                                    June Term, 1946
July 23, 1946                                                        Division B

*Adair, Kent, Ashby & McNatt,* for appellants.

*Raymond E. Barnes,* for appellees.

*Howell, McCarthy, Lane & Howell, Charles Cook Howell* and *Charles Cook Howell, Jr.,* amicus curiae.

BROWN, J.:

This is an appeal from a judgment of the Circuit Court in and for Leon County, entered March 8, 1946, setting aside an award of the Florida Industrial Commission and remanding the case to the Commission with certain directions.

The record shows that the case was submitted to the Circuit Court upon the record brought up from the Florida Industrial Commission which contained an agreed statement of fact upon which the Commission had based its action. This agreed statement, which was signed by the employee, the employers and the carrier reads as follows:

"1. On or about September 18, 1943, at Tallahassee, Florida, the said employee, while in the employ of said employer, sustained an injury in the course of his employment, which resulted in the loss of the sight of his right eye.

"2. By reason of said injury the said Ralph Lindsay was temporarily and totally disabled for a period of seventeen (17) weeks. At the end of said seventeen (17) weeks, said injury was completely healed and said temporary total disability had ended, and said Ralph Lindsay was able to return to work. At the end of said period of seventeen (17) weeks, the said Ralph Lindsay had no disability from said injury except the loss of the sight of his right eye.

"3. The employer and carrier have duly paid all medical expenses occasioned by said injury which said expenses amounted to the total sum of $74.50.

"4. At the time of said injury, the average weekly wage of employee was $25.00 and he was entitled to receive compensation at the rate of $15.00 per week, as provided by law. The employer and carrier have paid to said employee compensation at the rate of $15.00 per week for said seventeen (17) weeks temporary total disability, and in addition thereto have paid to said employee the sum of $15.00 per week for a period of one hundred (100) weeks permanent partial disability for the loss of the sight of his said right eye. The total compensation paid to said employee is the sum of $1,755.00."

Within twenty-one days from the date of said last payment the carrier filed with the Commission "a notice to controvert the payment of further compensation" reading in part as follows:

"1. The employee in this case has been paid 100 weeks compensation for the loss of his right eye. Compensation paid to 12-11-45.

"2. The employee in this case has been paid 17 weeks compensation in addition to the 100 weeks for his temporary total disability.

"3. The carrier controverts any further claim for compensation, the claim for 20 additional weeks as set out in the letter of the Florida Industrial Commission, dated December 12, 1945, to the carrier.

"4. The carrier takes the position that if it was the intent of the Legislature to increase the schedule injury for the loss of the eye as provided in Section 440.15, subsection (3)—(e), the wording of the Act would have been changed from 100 weeks to 120 weeks for the loss of the eye.

"5. The case of St. Johns River Shipbuilding Company, et al. v. Wells, reported in 22 So. (2nd) 9, page 632, is not applicable to this case."

The Commission held that under the opinion and decision of this Court in the St. Johns River Shipbuilding Company v. Wells Fla. 156, p. 67, 22 So. (2nd) 632, that the claimant was entitled to an additional twenty weeks payment for temporary total disability under subsection (u) of Section 440.15 F.S.A.

and ordered the employer and carrier to pay the claimant $15.00 per week for twenty additional weeks.

Sub-Section 2 of Section 440.15 F.S.A. provides that for temporary total disability the employee shall receive 60 per cent of his average weekly wages during the continuance thereof, not to exceed 350 weeks.

Sub-Section 3 of said Section 440.15 provides that in case of disability partial in character but permanent in quality, compensation, in addition to that provided in the preceding sub-section, shall be 60 per cent of the average weekly wages and shall be paid as follows:

"(e)  Eye lost, one hundred weeks' compensation."

The controversy here, as in the Wells case, is based on sub-paragraph (u) of sub-section 3 of said Section 440.15 F.S.A., which reads as follows:

"(u) In case of temporary total disability and permanent partial disability both resulting from the same injury, which said injury is one listed in the preceding paragraphs (a) through (s) inclusive, the injured employee shall be paid sixty per centum of his average weekly wage as compensation *in addition* to that set forth in said paragraphs (a) through (s) inclusive for a period *not to exceed* twenty weeks."  (Emphasis supplied.)

The Industrial Commission cited the Wells case, above referred to, and in its award said:

"It appears plain to the undersigned that the Supreme Court has held that the compensation provided for in sub-section (u) is in addition to compensation provided in (a) through (s).  And what is the compensation provided for the loss of the eye under (e) of sub-section (3) of Section 440.15? It says:

" 'Eye lost, one hundred weeks' compensation.' Therefore, if the compensation provided under sub-section (u) of 440.15 (3) is in addition to compensation provided in 440.15 (3) (a) through (s), and obviously this claimant is entitled to 17 weeks temporary total disability, plus 120 weeks at the full rate of compensation for the loss of his eye.

"It is, therefore, hereupon

"ORDERED that the employer and/or carrier pay the

claimant compensation at the rate of $15.00 per week for 20 additional weeks, or a total amount of $300.00."

It will be noted that the Commission in its award and opinion accompanying it, laid great emphasis upon the words "in addition to," in said sub-section (u) but gave little or no emphasis to the words "not to exceed 20 weeks," contained in the same cited paragraph.

This case has been very ably briefed by counsel for both the appellants and appellees and also by counsel who were, by agreement of the parties, and this court, permitted to file a brief as amicus curiae.

We have given careful consideration to the oral arguments and briefs of all counsel appearing in the case, but our impression is that much of the arguments would be more appropriately addressed to the legislature than to this Court, which both in the Wells case and in this case is merely trying to carry into effect the intent of the Legislature as shown by the language of the statute. This is not always an easy thing to do. In this case we have not only been aided by the briefs and arguments of counsel, but we have also found very helpful the able opinion of Circuit Judge Taylor, rendered in connection with his judgment setting aside the award appealed from and remanding this case to the Commission with directions to determine from the facts and circumstances of this case what period of additional compensation, not to exceed twenty weeks, the appellee Lindsay is entitled to receive under paragraph (u) of sub-section (3) of Section 440.15 of the Workmens Compensation statute, with authority if necessary to remand to a deputy commissioner to secure further evidence.

In the course of his opinion Circuit Judge Taylor has this, among other things to say:

"They insist that a construction should be given to the statute as a whole and particularly Section 440.15 (3) u, that will prevent an employee receiving compensation for a longer period than the period of total temporary disability plus the period specified in Section 440.15 (3) a-r for the specific injury involved; they say that the legislative intent went no further and that to construe Section 440.15 (3) u as providing further compensation would have the effect of arbitrarily increasing

the compensation for each specific injury by 20 weeks resulting in an 'absurd' increase of benefits to the injured employees, pointing out that the compensation for loss of an arm would be increased only 5% while the compensation for the loss of a toe would be increased 200%.

"To hold that the 1941 amendments to the act did nothing but permit the employee to recover for both temporary total disability and permanent partial disability resulting from the same accident would require that paragraph 440.15 (3) u be ignored. This result would be fully obtained without paragraph u.

"To hold that paragraph u is a limitation upon the right of the employee and limits the recovery for total temporary disability to a maximum of 20 weeks would, admittedly, require a repudiation of the Wells case.

"Some meaning should be given this paragraph of the statute—if possible one reasonable and in harmony with the general purposes of the act. Certainly it should not be ignored as having no meaning.

"A careful study of the Statute and the decision in the Wells case, and particularly Judge Shield's opinion, which was approved by the Supreme Court, leads me to the conclusion that the proper construction of the act entitles the injured employee to recover compensation for the period of total temporary disability, plus the period fixed by the statute (440.15) (3) (e) for the specific injury, plus an additional period 'not to exceed' 20 weeks, and that the Industrial Commission is authorized to award compensation for this additional period based upon the circumstances of the particular case. This construction gives a reasonable meaning to paragraph u and avoids the injustices condemned in the Wells case and the 'absurdities' suggested by the appellant.

"This construction of the statute also gives the Industrial Commission power to adjust compensation, within the limits of the 20-week period, to meet the needs of particular cases as they arise. For example, to compensate for a period of time which may exist between the end of total temporary disability and the development of the employee's full earning capacity under the handicap of his permanent partial disability;

or, to make a differential between cases when the particular injury suffered may have a varying effect upon the employee's earning capacity in view of the nature of his employment or skill. Other factors could properly be considered in determining the extent of compensation awarded under paragraph u.

"This construction is in harmony with every word said by the Supreme Court in the Wells Case and with the award affirmed in that case.

"In the case at bar the Commission has awarded the compensation for the full additional period of 20 weeks.

"The opinion of the Deputy Commissioner, approved by the Commission, indicates that he construed the Wells case as holding that the statute requires an arbitrary 20-week extension of the period of compensation without reference to the circumstances of the particular case. I consider this an incorrect interpretation of that decision. The record before me does not show sufficient facts from which it can be determined what additional period of compensation should be awarded the employee under paragraph u.

"The stipulation filed herein states that the facts agreed to 'are the only facts necessary to a full and complete determination of the claim.' Obviously, this stipulation was entered into in the light of the contentions of the parties as stated above, and is necessarily incorrect in the light of my interpretation of the Statute. It should not, therefore, tie the hands of the Commission in correctly applying the Statute."

We adopt the foregoing opinion of the Circuit Judge as our own, because we think it is a fair and reasonable interpretation of the statute as it stands.

The judgment appealed from is accordingly

Affirmed.

CHAPMAN, C. J., THOMAS and SEBRING, JJ.,concur.